**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| TOMMY HARRIS, | ) |
|                Plaintiff, | ) |
| v. | ) |
| DURHAM ENTERPRISES, INC., DON DURHAM, LIBERTY MUTUAL INSURANCE, and OHIO SECURITY, | ) |
|                Defendants. | ) |
| OHIO SECURITY INSURANCE COMPANY, | ) |
|                Counter-Plaintiff, | ) No. 3:20-CV-00072 |
| v. | ) |
| TOMMY HARRIS, | ) |
|                Counter-Defendant. | ) |
| OHIO SECURITY INSURANCE COMPANY, | ) |
|                Cross-Plaintiff, | ) |
| v. | ) |
| DURHAM ENTERPRISES, INC. and DON DURHAM, | ) |
|                Cross-Defendants. | ) |

**<u>LIBERTY MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS</u>**

Defendant Liberty Mutual Insurance Company ("LMIC"), to the extent named (incorrectly as "Liberty Mutual Insurance") in this action, moves to dismiss Plaintiff Tommy Harris's claims because LMIC is not a proper party to this action. In a January 9, 2020 letter, counsel for LMIC informed Plaintiff's counsel that "Liberty Mutual Insurance" is not a legally cognizable entity or a proper defendant and asked that Plaintiff's counsel dismiss the claims against it. Ex. A. Plaintiff's counsel has not done so. Thus, out of an abundance of caution, LMIC hereby moves to dismiss the claims against it because it is not a proper party to this lawsuit.

## BACKGROUND

Plaintiff's operative complaint names "Liberty Mutual Insurance" as one of multiple defendants. Also named in the complaint is "Ohio Security." Plaintiff conclusorily alleges that "Liberty Mutual Insurance" and "Ohio Security" breached duties owed pursuant to an insurance policy they allegedly issued. Ex. B ¶ 1 (Count III).

By such names, both "Liberty Mutual Insurance" and "Ohio Security" are nonexistent and thus, not legally cognizable, entities. However, a legally cognizable entity, Ohio Security Insurance Company, issued a commercial package insurance policy, Policy No. BKS 57 07 84 32, (the "Ohio Security Policy") to first named insured "DURHAM ENTERPRISES DBA CITY WIDE OF ST LOUIS." That insurance policy is attached to the Answer filed in this case today by Ohio Security Insurance Company and to this motion as Exhibit C. In contrast, LMIC has no relationship to this dispute at all.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009).  The allegations "must be more than labels and conclusions." *Corbier v. St. Clair Cty. Sheriff Richard Watson*, No. 16-CV-0257-SMY-SCW, 2017 WL 3116239, at *1 (S.D. Ill. July 21, 2017).  Dismissal pursuant to Rule 12(b)(6) is appropriate where the "facts" pled are entirely speculative and "cannot result in any plausible relief." *Segal v. Geisha NYC, LLC*, 517 F.3d 501, 504 (7th Cir. 2008).  "A pleading that offers a 'formulaic recitation of the elements of a cause of action' will not do." *Iqbal*, 556 U.S. at 678.

## ARGUMENT

Plaintiff has named a nonexistent entity, "Liberty Mutual Insurance," and has served an entity, LMIC, with no relationship to this matter.  To the extent sued, therefore, LMIC should be dismissed from this lawsuit.

Plaintiff appears to have taken the phrase "Liberty Mutual Insurance" from a service mark on a letter sent by Ohio Security Insurance Company explaining that coverage under the Ohio Security Policy was unavailable for the underlying lawsuit.  *See* Ex. D.  By itself, however, the name "Liberty Mutual Insurance" refers not to an insurance company or other legal entity but to an insurance-company group.  Liberty Mutual Insurance Company, the entity Plaintiff served, is a corporation organized under the laws of Massachusetts.  *See* Ex. E.[1]  Ohio Security Insurance Company, the company that actually issued an insurance policy to Durham Enterprises, Inc., is a legally separate and distinct entity.  Dkt. No. 3.  The "Liberty Mutual Insurance" service mark and reference on the letter sent on Ohio Security Insurance Company's behalf signifies that Ohio Security Insurance Company is affiliated with other Liberty Mutual group of insurance companies, but Ohio Security Insurance Company is the issuer of the insurance policy itself.  Indeed, in the

---

[1] The Court may take judicial notice of public records from the Massachusetts Secretary of State. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (explaining that the court could take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment); *see also Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (noting that contents of government websites are a proper item of which to take judicial notice).

4823-9949-8674

Answer, Counterclaim, and Cross-Claim it is filing today, Ohio Security Insurance Company acknowledges that it issued an insurance policy implicated by this case, and seeks a declaratory judgment under that policy, that it owes no obligations in relation to the underlying personal-injury claim put at issue by Plaintiff's Complaint.

Plaintiff has not alleged any plausible claim against LMIC in this case. Rather, in Count III of the First Amended Complaint, Plaintiff sets forth only the conclusory allegation that a relevant insurance policy was "issued by defendants Ohio Security and Liberty Mutual Insurance." Ex. B ¶ 1. Not so. Ohio Security Insurance Company was the sole issuer of the Policy. *See* Ex. C. In all events, conclusory allegations are insufficient to sustain a cause of action. *Iqbal*, 556 U.S. at 678; *Corbier*, 2017 WL 3116239, at *1. Plaintiff cannot maintain his claims against an insurer that did not issue the relevant policy. *See, e.g.*, *El Chico Restaurants, Inc. v. Aetna Cas. and Sur. Co.*, 980 F. Supp. 1474 (S.D. Ga. 1997) (insurer that never issued policies at issue was fraudulently joined because there was no reasonable possibility plaintiff could recover from the insurer); *Wolf Horn Investments, LLC v. Allied Prop. & Cas. Ins. Co.*, 2012 WL 6738758, at *2 (S.D. Tex. Dec. 30, 2012) (same).

In sum, Plaintiff's allegations fail to demonstrate that he is entitled to any form of relief against LMIC, and his claims against LMIC accordingly should be dismissed.

4823-9949-8674

## CONCLUSION

For the foregoing reasons, the Court should dismiss the claims against LMIC with prejudice.

Dated: January 23, 2020                      Respectfully Submitted,

**LIBERTY MUTUAL INSURANCE COMPANY**

By:    */s/  Matthew O. Sitzer*
One of Its Attorneys

Matthew O. Sitzer (#6210083)
Matthew C. Wolfe (#6307345)
**SHOOK, HARDY & BACON L.L.P.**
111 South Wacker Drive, Suite 4700
Chicago, Illinois 60606
Telephone:  (312) 704-7700
Facsimile:   (312) 558-1195
msitzer@shb.com
mwolfe@shb.com

4

4823-9949-8674

## CERTIFICATE OF SERVICE

I, Matthew O. Sitzer, an attorney, hereby certify that, on **January 23, 2020**, I caused a true and complete copy of the foregoing **LIBERTY MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS** to be filed electronically.  Notice of this filing will be sent to all parties registered on this Court's CM/ECF system.  Parties may access this filing through the Court's system.

I further certify that I caused a courtesy copy of this filing to be served by electronic mail upon the following:

>Samantha S. Unsell
>KEEFE, KEEFE & UNSELL, P.C.
>#6 Executive Woods Court
>Belleville, IL  62226
>(618) 236-2221
>(618) 236-2194 (Facsimile)
>Primary Email: ashley@tqkeefe.com
>Secondary Email: samunsell@gmail.com
>
>**Attorney for Tommy Harris**
>
>Mr. Ted F. Frapolli
>LAW OFFICES OF TED F. FRAPOLLI
>1714 Deer Tracks Trail, Suite 200
>St. Louis, MO 63131
>(314) 993-4261
>(314) 993-3367 (Facsimile)
>Email: Ted@tffrapollilaw.com
>
>**Attorney for Durham Enterprises, Inc. and Don Durham**

/s/  Matthew O. Sitzer

4823-9949-8674