UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOMMY HARRIS, | |
|        Plaintiff/Counterdefendant, | |
| v. | Case No. 20-cv-72-JPG |
| DURHAM ENTERPRISES, INC., and DON DURHAM, | |
|        Defendants/Crossclaim Defendants, | |
|    and | |
| LIBERTY MUTUAL INSURANCE, | |
|        Defendant, | |
|    and | |
| OHIO SECURITY, | |
|        Defendant/Counterplaintiff/Crossclaim Plaintiff. | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is a procedural mess.  Today, the Court will try to bring some clarity by addressing the motions pending before the Court and getting this case on track for a scheduling and discovery conference.  The following motions are pending:

- Defendant Liberty Mutual Insurance Company's ("LMIC") motion to dismiss (Doc. 9);

- Plaintiff Tommy Harris's motion to remand (Doc. 13), with which defendants Durham Enterprise Inc. and Don Durham (collectively, "the Durham defendants") have joined (Doc. 23), and to which defendant Ohio Security Insurance Company ("OSIC") has responded (Doc. 24);

- Harris's motion for an extension of time to respond to LMIC's motion to dismiss and to respond to OSIC's counterclaim for declaratory judgment (Doc. 14); and

- The Durham defendants' motion for an extension of time to respond to OSIC's crossclaim for declaratory judgment and to file crossclaims against OSIC and LMIC

(Doc. 30).

## I.    Procedural History

This case began in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, as Case No. 17-L-7.  Harris filed the case in January 2017 against Renal Life Link, Inc. d/b/a Metro East Dialysis and various other defendants seeking compensation for injuries he suffered that stemmed from infections he claimed to have acquired during dialysis in Belleville, Illinois.  Harris added the Durham defendants, who were connected with the commercial cleaning of the dialysis facility, in amended pleadings filed in October 2017 and August 2018, respectively.  In March 2019, Harris asked the Circuit Court to sever his claims against the Durham defendants.  On April 1, 2019, the Circuit Court granted the motion, severed the claims, and assigned the severed claims a new case number, Case No. 19-L-0234.

The same day the severance was granted and the new case opened, Harris filed a new complaint against only the Durham defendants alleging they were negligent in failing to properly clean and sanitize the dialysis facility.  That case was tried in a bench trial on July 30, 2019 (Doc. 1-1 at 18-24).  At trial, the Durham defendants informed the court that they had agreed with Harris that they would not mount a defense to the case and that, in turn, Harris would limit its recovery and would not seek to execute any judgment against Harris but would instead pursue the judgment only against "Liberty Mutual," which the Durham defendants had represented as their insurer, and any other relevant insurer that may exist.  On October 9, 2019, the Circuit Court entered judgment in Harris's favor in the amount of approximately $2 million (Doc. 1-1 at 26-41).  That order further found facts and drew legal conclusions adverse to "Ohio Security/Liberty Mutual Insurance Company," even though they were not parties to the case.

On December 7, 2019, nearly two months after entry of judgment in the severed state

court action against the Durham defendants, Harris amended his complaint in that case realleging the claims already decided in the bench trial and adding new declaratory judgment claims for insurance coverage against Liberty Mutual Insurance and OSIC (Doc. 1-1 at 8-15). Those claims are based on an insurance policy (Doc. 1-1 at 44-201) that bears the mark "Liberty Mutual Insurance" and the phrases "Liberty Mutual Insurance" and "Liberty Mutual Insurance Company" in multiple places. The declarations pages and various other pages of the policy also state, "Coverage Is Provided In Ohio Security Insurance Company." Harris served a summons and the amended complaint on LMIC and OSIC on December 17, 2019.

Believing that all plaintiffs were diverse from all defendants and that more than $75,000 was in issue, on January 16, 2020, OSIC removed the case to federal court based on the Court's original diversity jurisdiction. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1332(a) (Doc. 1). The notice of removal was not accompanied by the consent of all defendants. *See* 28 U.S.C. § 1446(b)(2)(A); *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). OSIC explained that "Liberty Mutual Insurance" did not join in or consent to the removal not because it disagreed with removal but because it is not a cognizable legal entity that would have the ability to express consent and is not connected with the insurance policy at issue in this case. OSIC further explains that the Durham defendants' consent is not required because they are aligned with Harris and are nominal parties. OSIC then filed a counterclaim and crossclaims for a declaratory judgment of no coverage.

For its part, LMIC sought to be dismissed from the case under Federal Rule of Civil Procedure 12(b)(6) on the grounds that "Liberty Mutual Insurance" is neither a legally cognizable entity nor a proper defendant since it has no relationship whatsoever to this dispute (Doc. 9). It argues that the insurance policy in issue was written solely by OSIC, a distinct

corporate entity.

Before its response to LMIC's motion to dismiss was due, Harris asked the Court to remand this case to the St. Clair County Circuit Court (Doc. 13). He argues that the notice of removal was untimely under 28 U.S.C. § 1446(c)(1) since OSIC filed it more than a year after he filed his original action in January 2017. Harris further argues that the removal is procedurally defective because it is not consented to by all defendants. Harris also asks for an extension of time to respond to LMIC's motion to dismiss and to OSIC's counterclaim until after the Court has ruled on Harris's motion to remand (Doc. 14). It has since responded to OSIC's counterclaim (Doc. 34).

About a month later, the Court set a hearing on the motions to try to bring some clarity to this procedurally mystifying situation. For example, it was wondering how judgment can be entered in a case by a state court purporting to decide issues against parties not before the Court, and then the complaint amended post-judgment to add new claims against defendants not involved in the original case. The Court was further wondering why the naming of "Liberty Mutual Insurance," the service of LMIC, and the appearance and filing of a motion by LMIC does not simply indicate a misnomer of LMIC that should be excused, just as the misnomer of OSIC as "Ohio Security" has essentially been accepted. Rather than getting clarity, the Court was hit with the consequences of the COVID-19 pandemic and has not been able to discuss its questions with the parties. And in the meantime, the Durham defendants have asked for an extension of time to respond to OSIC's crossclaims and to file their own crossclaims (Doc. 30).

Rather than waiting for a face-to-face give-and-take with the parties, to speed this case along, the Court tackles some of the motions now.

4

## II.     Analysis

### A.     LMIC's Motion to Dismiss (Doc. 9)

The Court will deny this motion.  First, the naming of "Liberty Mutual Insurance" rather

than "Liberty Mutual Insurance Company" is simply a misnomer.  Under Illinois law, which

applied when Harris filed his amended complaint, "[m]isnomer of a party is not a ground for

dismissal but the name of any party may be corrected at any time, before or after judgment, on

motion, upon any terms and proof that the court requires."  735 ILCS § 5/2-401(b).  Misnomer is

distinguishable from a mistake in identity:

> A misnomer occurs where the plaintiff brings an action and serves summons upon
> the party *intended* to be made the defendant, thus giving actual notice of the
> lawsuit to the real party in interest, but the process and complaint do not refer to
> the person by his correct name.  Mistaken identity, on the other hand, occurs
> when the wrong person is named and served.

*Shaifer v. Folino,* 650 N.E.2d 594, 597 (Ill. App. Ct. 1995) (citations omitted; emphasis added);

*accord Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 234 (7th Cir. 1996).  "In other words, the

misnomer provision applies only when the right defendant has been sued by the wrong name, not

when the wrong defendant has been sued."  *Arendt*, 99 F.3d at 234.

Here, it is clear that Harris intended to sue LMIC but it simply called it the wrong name.

He served LMIC in a timely manner, so it is clear that LMIC actually knew of the declaratory

judgment claim against "Liberty Mutual Insurance" and will not be surprised or prejudiced by

having to defendant against it now.  To the extent the Illinois misnomer law does not technically

apply in this federal forum, the Court would apply it anyway in the interest of justice and using

its judicial discretion under Federal Rule of Civil Procedure 15.  For these reasons, the Court

declines to dismiss Harris's claim against "Liberty Mutual Insurance" on the grounds that no

such entity exists.  The Court will further allow Harris to amend his pleading pursuant to Rule

15(a)(2) to reflect the correct name of LMIC, the party he intended to sue.

Second, the Court finds that Harris has stated a claim against LMIC, misnamed as "Liberty Mutual Insurance."  When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.  *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

Harris describes his claim against LMIC sufficiently to give it fair notice of the claim and the insurance policy on which the claim rests.  It has further pled sufficient facts to plausibly tie LMIC to the insurance policy in issue.  The mark "Liberty Mutual Insurance" and the phrase "Liberty Mutual Insurance Company" appear in the policy numerous times, which is sufficient to suggest LMIC may bear some responsibility for the obligations in the policy.  If it does not, that is a matter that will be fleshed out in discovery and can be argued on summary judgment.  In the meantime, the Court declines to dismiss LMIC, misnamed as "Liberty Mutual Insurance," from this case.  In light of this ruling, the Court finds moot Harris's motion for an extension of time to respond to LMIC's motion to dismiss (Doc. 14).

6

B.     Harris's Motion to Remand, Joined by the Durham Defendants (Docs. 13 & 23)

The Court will deny the motion.  A defendant may remove to federal court a case filed in

state court if the federal court would have had original jurisdiction to hear the case.  28 U.S.C.

§ 1441(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).  "The party

seeking removal has the burden of establishing federal jurisdiction, and federal courts should

interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of

forum in state court."  *Schur*, 577 F.3d at 758 (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908,

911 (7th Cir. 1993)).

1.     Timeliness of Removal

Harris argues that removal was untimely under 28 U.S.C. § 1446(c)(1), which states:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction
> conferred by section 1332 more than 1 year after commencement of the action,
> unless the district court finds that the plaintiff has acted in bad faith in order to
> prevent a defendant from removing the action.

Harris argues that he commenced this action in *January 2017* when he filed his original lawsuit

in the St. Clair County Circuit Court, so it must have been removed, if at all, before January

2018.

OSIC argues that its notice of removal was timely because it was filed only weeks after

the removed action was commenced on December 2, 2019, when Harris first brought the

declaratory judgment claims in Case No. 19-L-0234.  Alternatively, it argues that the one-year

removal deadline is limited to removals pursuant to 28 U.S.C. § 1446(b)(3), that is, where a

defendant already in the case receives a paper showing that a non-removable action is or has

become removable.  Alternatively, it argues that the severance order commenced a new action

from which the one-year period, if applicable, runs.  Finally, it argues that the one-year limitation

should not apply anyway in light of Harris's bad faith as demonstrated by his procedural

7

gymnastics to prevail in state court and prevent removal.

The Court need not decide whether the one-year limitation period applies in this case because, even if the rule applied, it is clear that OSIC removed this case within a year of its commencement. In coming to this conclusion, the Court first looks at when the removed action was "commenced," which is determined under state law. 14C Charles Alan Wright & Arthur R Miller, Federal Practice and Procedure § 3731 (Rev. 4th ed.); *Pruitt v. Kelly Moore Paint Co.*, No.. 07-cv-768-GPM, 2007 WL 4225654, at *2 (S.D. Ill. Nov. 13, 2007). The Court finds the action was commenced immediately following the Illinois court's April 1, 2019, severance order.

Under Illinois law, not every order of severance results in commencement of a new action. "The term 'sever' is used broadly, and when a trial court orders an issue or claim severed, more often than not the court is simply providing for separate trials and has not determined that the claims thereafter should proceed as separate actions." *Carter v. Chi. & Ill. Midland Ry. Co.*, 518 N.E.2d 1031, 1037 (Ill. 1988). Federal courts have agreed: "In the context of removal to federal court in diversity jurisdiction, the mere fact that an order of a state court purports to have 'severed' claims generally is insufficient to make a case removable." *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 999 (S.D. Ill. 2007). Where claims are severed into separate claims that are completely diverse *for trial purposes only*, the severed claims are not separately removable. *Id.* However, where severed claims are filed in a new case with a new docket number and have no parties other than those in the severed claims, it is likely the severance commenced a new action. *See Sanders v. Merck & Co.*, No. 07-cv-64-GPM, 2007 WL 924497, at *4 (S.D. Ill. Mar. 27, 2007) (finding true severance where Illinois court permitted severed claims to proceed "only by way of a new case file with a new docket number" and where none of the other defendants in the original case were parties to the severed case). To determine whether

a case is truly severed and a new action is commenced for removal jurisdiction purposes, the Court should consider the circumstances—for example, whether the state court order created different lawsuits, whether the state court order will result in two different judgments, and who is participating in the case. *Vogel*, 476 F. Supp. 2d at 1000.

The April 1, 2019, severance order in Case No. 17-L-7 (Doc. 24-1 at 6) was a true case severance order that commenced a new action, Case No. 19-L-0234. The severance order resulted in a new case number, a new docket, and a new complaint for which a new filing fee was assessed. *See* Court Record for No. 19-L-234 (Doc. 24-1 at 14). Other than the Durham defendants, none of the defendants in either case participated in litigation of the other case. The cases are truly independent cases, not simply two trial tracks in the same case. Thus the severance order commenced a new action on April 1, 2019. OSIC's notice of removal, filed January 16, 2020, was well within a year of the commencement of that action. For this reason, the Court declines to remand the case based on the timing of the notice of removal.

### 2.    Joinder of All Defendants

Harris also contends that OSIC failed to obtain the consent to removal from all the necessary defendants—the Durham defendants and LMIC—or to justify why such consents were not required. *See* 28 U.S.C. § 1446(b)(2)(A).

OSIC maintains, as it did in the notice of removal, that the Durham defendants' consent to removal was not necessary because they are nominal parties and are properly aligned with Harris against the insurance defendants. It further maintains that the consent of "Liberty Mutual Insurance" is not required because it was not properly joined.

The law is clear that when a case is removed from state court to federal court under 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or

9

consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A); *accord McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998); *N. Ill. Gas Co. v. Airco Indus. Gases, A Div. of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982).  However, the consent of nominal parties is not required.  *N. Ill. Gas Co.*, 676 F.2d at 272; *Ryan v. State Bd. of Elections of State of Ill.*, 661 F.2d 1130, 1134 (7th Cir. 1981); *Benson v. Unilever U.S., Inc.*, 884 F. Supp. 2d 708, 714 (S.D. Ill. 2012).  Furthermore, to determine who is a defendant, it is appropriate to realign the parties consistent with their true interests and the actual controversies in the litigation.  *See Ferraro v. Humphrey*, No. 2:14-CV-396-TLS, 2015 WL 685886, at *3 (N.D. Ind. Feb. 18, 2015) (citing *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69 (1941)).  The Supreme Court has reminded us that "[l]itigation is the pursuit of practical ends, not a game of chess." *City of Indianapolis*, 314 U.S. at 69).

The Durham defendants' consent is not necessary for removal of this case because they are appropriately realigned with Harris.  In light of the history of this case, it is clear that there is no actual, substantial controversy between Harris and the Durham defendants.  In fact, the Durham defendants have taken a dive in order to pave the way for Harris to collect from one or more of their insurers.  This includes cooperating in an effort to obtain a judgment in state court purportedly binding entities that were not even parties to the litigation.  In exchange, the Durham defendants essentially received from Harris immunity from collection.  At that point, the Durham defendants' interest in avoiding potential liability paralleled Harris's interest in obtaining a large judgment against them.  In this way, the Durham defendants have aligned their interest with Harris's and abandoned their own interest in contesting Harris's claim.  Aligned in this fashion, the Durham defendants are no longer considered defendants from whom consent to removal is necessary.

In addition, the Durham defendants, in email correspondence with OSIC, represented that they were nominal parties (Doc. 24-2 at 26 & 31).  It is no surprise, then, that OSIC stated in its notice of removal that the Durham defendants were nominal parties.  OSIC cannot now be faulted for pleading that the Durham defendants were what they insisted they were.  Indeed, it appears, as explained above, that the Durham defendants risk no liability in this case and are nominal in that respect.

As for LMIC, its consent is necessary for removal.  However, in light of the confusion discussed earlier in this order over whether it was, in fact, a non-existent entity or a misnamed defendant, the Court finds that the interests of justice require allowing OSIC an opportunity to amend its notice of removal to add the consent of LMIC.  Accordingly, the Court will reserve ruling on Harris's motion to remand and will give OSIC fourteen days from entry of this order to file an amended notice of removal including LMIC written consent or joinder.  Should it fail to amend its notice of removal appropriately, the Court will remand this case.

For these reasons, the Court declines to remand the case at this time based on the failure to have the necessary consents.

C.    Miscellaneous Motions

The Court will grant Harris's motion for an extension of time to respond to OSIC's counterclaim for declaratory judgment (Doc. 14), and will deem its May 20, 2020, answer (Doc. 34) timely.

The Court will grant the Durham defendants' motion for an extension of time to respond to OSIC's crossclaim for declaratory judgment and to file crossclaims against OSIC and LMIC (Doc. 30).  The response and crossclaims must be filed within fourteen days of entry of this order.

III.     **Conclusion**

For the foregoing reasons, the Court:

- **DENIES** LMIC's motion to dismiss (Doc. 9);

- **RESERVES RULING** on Harris's motion to remand (Doc. 13), joined by the Durham defendants (Doc. 23);

- **ORDERS** that OSIC shall have fourteen days from entry of this order to file an amended notice of removal including LMIC written consent or joinder;

- **GRANTS in part** and **DENIES in part** Harris's motion for an extension of time (Doc. 14). The motion is **DENIED as moot** to the extent it seeks an extension of time to respond to LMIC's motion to dismiss. The motion is **GRANTED** to the extent it seeks an extension of time to respond to OSIC's counterclaim for declaratory judgment, and Harris's answer (Doc. 34) is deemed timely;

- **GRANTS** The Durham defendants' motion for an extension of time to respond to OSIC's crossclaim for declaratory judgment and to file crossclaims against OSIC and LMIC (Doc. 30). These filings shall be made within fourteen days of entry of this order; and

- **ORDERS** the parties to submit the Joint Report of the Parties and Proposed Scheduling and Discovery Order within 30 days of entry of this order pursuant to Local Rule 16.2(a).

**IT IS SO ORDERED.**
**DATED:  June 15, 2020**


                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**