UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOMMY HARRIS, | |
|     Plaintiff/Counterdefendant, | |
| v. | Case No. 20-cv-72-JPG |
| DURHAM ENTERPRISES, INC., and DON DURHAM, | |
|     Defendants/Crossclaim Plaintiff/ Crossclaim Defendants, | |
| and | |
| LIBERTY MUTUAL INSURANCE COMPANY, | |
|     Defendant/Crossclaim Defendant | |
| and | |
| OHIO SECURITY INSURANCE COMPANY, | |
|     Defendant/Counterplaintiff/Crossclaim Plaintiff/Crossclaim Defendant | |

**MEMORANDUM AND ORDER**

    This matter comes before the Court on the motion of Ohio Casualty Insurance Company ("Ohio Casualty") to intervene as a defendant in this case and to be allowed to file a counterclaim and crossclaim (Doc. 53). No party has responded to the motion.

    Ohio Casualty asks to join this case because, like Ohio Security Insurance Company ("Ohio Security"), it issued an insurance policy to Durham Enterprises, Inc. and Don Durham ("the Durham defendants"). Ohio Security's policy was a commercial package insurance policy that included commercial general liability coverage, and Ohio Casualty's was a commercial umbrella insurance policy. The amount of the judgment against Durham defendants in this case exceeds the Ohio Security policy limits, so coverage under the Ohio Casualty umbrella policy

will likely be an issue if not now, at some point.  Ohio Casualty has tendered the pleading it seeks leave to file.

Each policy contains a nearly identical coverage exclusion;  Ohio Security has asserted it applies in this case, and it will also be in issue in deciding whether Ohio Casualty must provide coverage under the umbrella policy.  Ohio Casualty believes that the commonality of the underlying facts in this case as well as the common insurance policy language justify allowing it to intervene as a defendant in this case under Federal Rule of Civil Procedure 24(a)(2) or (b).

Rule 24(a)(2) provides for intervention of right to any person who has an interest in the subject matter of the action and needs to participate in the litigation to protect that interest.  On the other hand, Rule 24(b)(1)(B) provides for permissive intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact."

The Court finds allowing Ohio Casualty to intervene is, at a minimum, appropriate under Rule 42(b) because the claims and defenses of Ohio Casualty and Ohio Security share common issues of law—legal interpretation of a nearly identical insurance exclusion—and fact—the personal injury caused by the Durham defendants to Harris.  Accordingly, the Court **GRANTS** the motion to intervene (Doc. 53) and **ORDERS** that Ohio Casualty shall have seven days from entry of this order to enter an appearance and file the tendered pleading.

**IT IS SO ORDERED.**
**DATED:  October 26, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
