UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOMMY HARRIS, | |
|     Plaintiff/Counterdefendant, | |
| v. | Case No. 20-cv-72-JPG |
| DURHAM ENTERPRISES, INC., and DON DURHAM, | |
|     Defendants/Crossclaim Plaintiff/ Crossclaim Defendants, | |
| and | |
| LIBERTY MUTUAL INSURANCE COMPANY, | |
|     Defendant/Crossclaim Defendant, | |
| and | |
| OHIO SECURITY INSURANCE COMPANY, | |
|     Defendant/Counterplaintiff/Crossclaim Plaintiff/Crossclaim Defendant, | |
| and | |
| OHIO CASUALTY INSURANCE COMPANY, | |
|     Intervenor Defendant/Counterplaintiff/ Crossclaim Plaintiff | |
| Consolidated with: | |
| TOMMY HARRIS, DURHAM ENTERPRISES, INC. d/b/a City Wide Maintenance of St. Louis, and DON DURHAM, | |
|     Plaintiffs, | |
| v. | Case No. 21-cv-1389-JPG |
| LIBERTY MUTUAL INSURANCE COMPANY, and OHIO SECURITY INSURANCE COMPANY, | |
|     Defendants. | |

# MEMORANDUM AND ORDER TO SHOW CAUSE

This matter comes before the Court for case management purposes.

## I.      Motion to Consolidate

Liberty Mutual Insurance Company ("LMIC") and Ohio Security Insurance Company ("OSIC") have filed a motion in *Harris v. LMIC*, No. 21-cv-1389-JPG, to consolidate that case with *Harris v. Durham Enterprises, Inc.*, No. 20-cv-72-JPG (Doc. 33, No. 21-cv-1389-JPG). Both cases arose after plaintiff Tommy Harris was injured by an infection he contracted at a dialysis center for which Durham Enterprises, Inc. and Don Durham (collectively, the "Durham Defendants") provided commercial cleaning services. LMIC, OSIC, and/or Ohio Casualty Insurance Company ("OCIC") insured the Durham Defendants, and whether that insurance covered Harris's injuries is the subject of the dispute in *Harris v. Durham Enterprises, Inc.*, No. 20-cv-72-JPG. The other case, *Harris v. LMIC*, No. 21-cv-1389-JPG, is an equitable garnishment action under Missouri law seeking payment under the Durham Defendants' applicable insurance policies. In essence, the cases involve the same insurance coverage questions.

No party objects to consolidation. Federal Rule of Civil Procedure 42(a) allows the Court discretion to consolidate cases that involve a common question of law or fact, and, as noted above, these two cases involve the same insurance coverage issues. It further appears in light of the March 15, 2022, status conference that consolidation of these cases would be the most efficient manner of disposing of all issues in this forum and allowing a unified appeal for streamlined consideration of all the related issues by the Court of Appeals.

Accordingly, the Court **GRANTS** the motion to consolidate (Doc. 33, No. 21-cv-1389-

JPG) and **ORDERS** that *Harris v. LMIC*, No. 21-cv-1389-JPG, is consolidated with *Harris v. Durham Enterprises, Inc.*, No. 20-cv-72-JPG, which shall be the lead case. All future filings shall bear the above caption and should be filed only in *Harris v. Durham Enterprises, Inc.*, No. 20-cv-72-JPG.

## II.     Order to Show Cause

The Court further notes that issues recently decided on summary judgment appear to be dispositive of all remaining issues in this case. Specific, the Court ruled on summary judgment that there was no duty to defend the Durham Defendants against Harris's tort claim because his injuries fell within the Bacteria Exclusion of the policies but not within the Bodily Consumption Exception to that exclusion. It directed entry of a declaration reflecting this conclusion at the close of the case. This conclusion appears to be dispositive of the remaining claims in this case:

- Harris's (Doc. 49, No. 20-cv-72-JPG), OSIC's (Doc. 56. No. 20-cv-72-JPG), and OCIC's (Doc. 66. No. 20-cv-72-JPG) claims seeking a declaration regarding a duty to indemnify under the appliable insurance policies;

- the Durham Defendants' cross-claims against LMIC and OSIC for breach of the insurance contract and for bad faith failure to settle an insurance claim (Doc. 69, No. 20-cv-72-JPG); and

- Harris's equitable garnishment claim based on LMIC's and OSIC's duty to indemnify under the insurance policy (Doc. 1-1, No. 21-cv-1389-JPG).

Thus, the remaining issues are whether there is a duty to indemnify, whether an insurance contract was breached, whether there was a bad faith failure to settle an insurance claim, and whether Harris is entitled to garnishment of insurance proceeds.

In light of the Court's summary judgment ruling, it appears that there can be no duty to indemnify under the policies at issue in this case. The duty to defend is broader than the duty to indemnify, and where there is no duty to defend, there can be no duty to indemnify. *Sprint Lumber, Inc. v. Union Ins. Co.*, 627 S.W.3d 96, 114 (Mo. Ct. App. 2021) (citing *View Home*

*Owner's Assoc. v. The Burlington Ins. Co.*, 552 S.W.3d 726, 732-33 (Mo. App. W.D. 2018)). The Court has determined in its summary judgment ruling that there is no duty to defend. Therefore, there could be no duty to indemnify.  By the same token, where there is no duty to defend or indemnify under an insurance contract, an insurer does not breach that contract or act in bad faith by failing to provide a defense or indemnity.  And where there is no duty to indemnify by a tortfeasor's insurance company, an injured plaintiff cannot succeed in an equitable garnishment action under Missouri law.

While it appears, as explained above, that the Court's summary judgment ruling is dispositive of all remaining issues in this case, the Court finds it advisable to let the parties weigh in.  Accordingly, the Court **ORDERS** the parties to **SHOW CAUSE** within 21 days of entry of this order why the Court should not grant summary judgment in favor of LMIC, OSIC, and/or OCIC on all the remaining claims in this case for the same reasons it granted summary judgment in their favor regarding the duty to defend.

**IT IS SO ORDERED.**
**DATED:  March 16, 2022**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**