UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOMMY HARRIS, | |
|        Plaintiff/Counterdefendant, | |
|   v. | Case No. 20-cv-72-JPG |
| DURHAM ENTERPRISES, INC., and DON DURHAM, | |
|        Defendants/Crossclaim Plaintiff/ Crossclaim Defendants, | |
|   and | |
| LIBERTY MUTUAL INSURANCE COMPANY, | |
|        Defendant/Crossclaim Defendant, | |
|   and | |
| OHIO SECURITY INSURANCE COMPANY, | |
|        Defendant/Counterplaintiff/Crossclaim Plaintiff/Crossclaim Defendant, | |
|   and | |
| OHIO CASUALTY INSURANCE COMPANY, | |
|        Intervenor Defendant/Counterplaintiff/ Crossclaim Plaintiff | |

**Consolidated with:**

| | |
|---|---|
| TOMMY HARRIS, DURHAM ENTERPRISES, INC. d/b/a City Wide Maintenance of St. Louis, and DON DURHAM, | |
|        Plaintiffs, | |
|   v. | Case No. 21-cv-1389-JPG |
| LIBERTY MUTUAL INSURANCE COMPANY, and OHIO SECURITY INSURANCE COMPANY, | |
|        Defendants. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the parties' respective responses (Docs. 127, 128, & 129) to the Court's March 16, 2022, order to show cause (Doc. 125).  In its order, the Court noted that issues it had recently decided on summary judgment in Case No. 20-cv-72-JPG (the lead case in this pair of consolidated cases) appeared to be dispositive of all remaining issues among the parties relating to Tommy Harris's injuries.  Specific, the Court ruled on summary judgment that Liberty Mutual Insurance Company ("LMIC"), Ohio Security Insurance Company ("OSIC"), and Ohio Casualty Insurance Company ("OCIC") (collectively, "the Insurance Defendants") owed Durham Enterprises, Inc. d/b/a City Wide Maintenance of St. Louis and Don Durham (collectively, "the Durham Defendants") no duty to defend them against Harris's underlying tort claim.  This conclusion appeared to be dispositive of the remaining claims in this case:

- Harris's (Doc. 49, No. 20-cv-72-JPG), OSIC's (Doc. 56. No. 20-cv-72-JPG), and OCIC's (Doc. 66. No. 20-cv-72-JPG) claims seeking a declaration regarding a duty to indemnify under the appliable insurance policies;

- the Durham Defendants' cross-claims against LMIC and OSIC for breach of the insurance contract and for bad faith failure to settle an insurance claim (Doc. 69, No. 20-cv-72-JPG); and

- Harris's equitable garnishment claim based on LMIC's and OSIC's duty to indemnify under the insurance policy (Doc. 1-1, No. 21-cv-1389-JPG).

The remaining issues are whether there is a duty to indemnify, whether an insurance contract was breached, whether there was a bad faith failure to settle an insurance claim, and whether Harris is entitled to garnishment of insurance proceeds.

The Durham Defendants (Doc. 127) and Harris (Doc. 128) have responded not so much contesting the legal principles set forth in the show cause order but objecting to the Court's summary judgment ruling,  For its part, the Insurance Defendants (Doc. 129) agree that the

remaining issues depend on the Court's summary judgment ruling.  They also ask the Court to award them attorney fees pursuant to 28 U.S.C. § 1927 because Harris responded to the show cause order with new legal arguments after admitting in open court that the Court's summary judgment ruling doomed his remaining claims.

As a preliminary matter, the Court declines to reconsider its summary judgment ruling. The Court has already addressed—expressly or implicitly, in one form or another, at some point in this litigation—the issues raised, and no party has presented a valid reason to reconsider those decisions at this time.

Furthermore, in the absence of any compelling argument that the Court's summary judgment ruling does not dictate the outcome of the remaining claims, the Court finds that it does and that the prevailing parties are entitled to judgment as a matter of law.  Accordingly, in light of the Court's summary judgment ruling finding no duty to defend, there can be no duty to indemnify under the policies at issue in this case.  The duty to defend is broader than the duty to indemnify, and where there is no duty to defend, there can be no duty to indemnify.  *Sprint Lumber, Inc. v. Union Ins. Co.*, 627 S.W.3d 96, 114 (Mo. Ct. App. 2021) (citing *View Home Owner's Assoc. v. The Burlington Ins. Co.*, 552 S.W.3d 726, 732-33 (Mo. App. W.D. 2018)).  By the same token, where there is no duty to defend or indemnify under an insurance contract, an insurer does not breach that contract or act in bad faith by failing to provide a defense or indemnity.  And where there is no duty to indemnify by a tortfeasor's insurance company, an injured plaintiff cannot succeed in an equitable garnishment action under Missouri law.

Finally, the Court declines to award the Insurance Defendants attorney's fees for responding to Harris's arguments in his show cause response.  Section 1927 provides that an attorney who unreasonably and vexatiously multiplies proceedings can be personally liable for

the excess costs and fees incurred because of the conduct.  *See IDS Life Ins. Co. v. Royal Alliance Assocs., Inc.*, 266 F.3d 645, 653 (7th Cir.  2001).  The Court declines to exercise its discretion to issue sanctions in this case based on the responses to the show cause order.

For the foregoing reasons, the Court:

- **DIRECTS** entry of summary judgment in favor of OSIC and OCIC and against Harris on their claims seeking a declaration regarding a duty to indemnify under the appliable insurance policies;

- **DECLARES** that:

> Defendants Ohio Security Insurance Company and Liberty Mutual Insurance Company owed no duty to indemnify defendants Don Durham and Durham Enterprises, Inc. d/b/a City Wide Maintenance of St. Louis in the lawsuits *Harris v. Durham Enterprises, Inc. and Don Durham*, Nos. 17-L-7 and 19-L-0234, in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. under commercial package insurance policy number BKS1657078432;

> and

> Defendant Ohio Casualty Insurance Company owed no duty to indemnify defendants Don Durham and Durham Enterprises, Inc. d/b/a City Wide Maintenance of St. Louis in the lawsuits *Harris v. Durham Enterprises, Inc. and Don Durham*, Nos. 17-L-7 and 19-L-0234, in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. under commercial umbrella insurance policy number USO 57078432;

- **DIRECTS** entry of summary judgment in favor of LMIC and OSIC and against the Durham Defendants on the Durham Defendants' cross-claims for breach of insurance contract and for bad faith failure to settle an insurance claim;

- **DIRECTS** entry of summary judgment in favor of LMIC and OSIC and against Harris on Harris's equitable garnishment claim based a duty to indemnify; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  May 3, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**